

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 20, 2011

Priya Chaudhry, Esq.
80 Pine Street, 33rd Floor
New York, New York 10005

Lee Ginsberg, Esq.
Freeman Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 3/26/13

> DOCKET IN CASE #
> AS: *Letter*
> DATE,                     CM

Re: <u>**United States v. Ahmed Abdulkadir Warsame**</u>,
        **11 Cr. 559 (CM)**

Dear Ms. Chaudhry & Mr. Ginsberg:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Ahmed Abdulkadir WARSAME ("WARSAME" or the "defendant") to the above-captioned indictment ("Indictment"), which charges nine crimes in connection with WARSAME's support to al Shabaab and al Qaeda in the Arabian Peninsula ("AQAP").

Counts One and Two each charge WARSAME with a violation of Title 18, United States Code, Section 2339B, in connection with his conspiracy to provide, and provision of (and aiding and abetting), material support to al Shabaab from in or about 2007 up to and including in or about April 2011, causing death. Each of these charges carries a maximum sentence of life imprisonment, a maximum lifetime term of supervised release, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

Count Three charges WARSAME with using, carrying and possessing firearms (namely, an AK-47 semiautomatic assault weapon, machineguns, and destructive devices), and aiding and abetting same, during and in relation to, and in furtherance of, the crimes of violence charged in Counts One and Two, in violation of Title 18, United States Code, Section 924(c). This charge carries a maximum sentence of life imprisonment, a mandatory minimum term of 30 years' imprisonment, which must be imposed consecutive to any other term of imprisonment, a maximum term of supervised release of five years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense,

Priya Chaudhry, Esq. and Lee Ginsberg, Esq.
December 20, 2011
Page 2 of 7

or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

Counts Four and Five charge WARSAME with a violation of Title 18, United States Code, Section 2339B, in connection with his conspiracy to provide, and provision of (and aiding and abetting), material support to AQAP from in or about 2009 up to and including in or about 2011. Each of these charges carries a maximum sentence of 15 years' imprisonment, a maximum lifetime term of supervised release, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

Count Six charges WARSAME with using, carrying and possessing firearms (namely, an AK-47 semiautomatic assault weapon, machineguns, grenades, and ammunition), and aiding and abetting same, during and in relation to, and in furtherance of, the crimes of violence charged in Counts Four and Five, in violation of Title 18, United States Code, Section 924(c). This charge carries a maximum sentence of life imprisonment, a mandatory minimum term of 30 years' imprisonment, which must be imposed consecutive to any other term of imprisonment, and, upon conviction of both Count Three and Count Six, a mandatory minimum term of life imprisonment, a maximum term of supervised release of five years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

Count Seven charges WARSAME with conspiring to teach and demonstrate the making of explosives, in violation of Title 18, United States Code, Sections 842(p) and 844(n). This charge carries a maximum sentence of 20 years' imprisonment, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

Count Eight charges WARSAME with conspiring to receive military-type training from a foreign terrorist organization, in violation of Title 18, United States Code, Sections 2339D and 371. This charge carries a maximum sentence of five years' imprisonment, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

Priya Chaudhry, Esq. and Lee Ginsberg, Esq.
December 20, 2011
Page 3 of 7

Count Nine charges WARSAME with receiving military-type training from a foreign terrorist organization, and aiding and abetting such training, in violation of Title 18, United States Code, Section 2339D. This charge carries a maximum sentence of 10 years' imprisonment, a maximum lifetime term of supervised release, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

The total maximum sentence of incarceration on the foregoing counts is life, and the mandatory minimum term of imprisonment is life.

The defendant furthermore admits the forfeiture allegations with respect to Counts One, Two, Four, Five, Seven, Eight, and Nine of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and 2332b(g)(5), and Title 28, United States Code, Section 2461, all right, title, and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a federal crime of terrorism against the United States, citizens and residents of the United States, and their property. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

It is understood that WARSAME (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, including all foreign intelligence information known to him,[1] which information can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance WARSAME may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

WARSAME acknowledges and agrees that any unauthorized disclosure of foreign intelligence information could cause damage or irreparable injury to the United States or could be

---

[1] For these purposes, "foreign intelligence information" means information defined by Rule 6(e)(3)(D)(iii) of the Federal Rules of Criminal Procedure.

Priya Chaudhry, Esq. and Lee Ginsberg, Esq.
December 20, 2011
Page 4 of 7

used to the advantage of a foreign nation or terrorist group. WARSAME agrees not to disclose to a third party any foreign intelligence information, which the defendant provides to the United States under the terms of this Agreement (or has already provided to the United States) or learns in the course of the defendant's cooperation with the United States as set forth in this Agreement, unless (1) WARSAME notifies this Office of the intended disclosure, and has been authorized by this Office or the Federal Bureau of Investigation to disclose the foreign intelligence information; or (2) WARSAME receives prior written authorization from this Office or from the Federal Bureau of Investigation to disclose the foreign intelligence information. In notifying this Office of the intended disclosure, WARSAME agrees fully and truthfully to inform this Office of the information to be disclosed and of the intended recipient(s), and in the event WARSAME makes an unauthorized disclosure of such foreign intelligence information, WARSAME agrees to promptly notify this Office of such disclosure.

It is understood that this Office cannot, and does not, agree not to prosecute WARSAME for criminal tax violations. However, if WARSAME fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution. Moreover, if WARSAME fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes charged in the Indictment, except for criminal tax violations, to the extent that he has disclosed such participation to this Office as of the date of this Agreement, namely: (1) conspiring to provide, and providing, material support to al Shabaab from in or about 2007 up to and including in or about April 2011, as charged in Counts One and Two; (2) conspiring to provide, and providing, material support to AQAP from in or about 2009 up to and including in or about April 2011, as charged in Counts Four and Five; (3) possessing, carrying, and using firearms during and in relation to, and in furtherance of, the crimes of violence charged in Counts One and Two (as charged in Count Three) and Four and Five (as charged in Count Six); (4) conspiring to teach and demonstrate the making of explosives from in or about 2009 up to and including in or about April 2011, as charged in Count Seven; and (5) conspiring to receive, and receiving, military -type training from and on behalf of al Shabaab and AQAP from in or about 2009 up to and including in or about April 2011, as charged in Counts Eight and Nine. This Agreement does not provide any protection against prosecution for any crimes except as set forth above, including any acts of violence.

It is understood that WARSAME's truthful cooperation with this Office is likely to reveal activities of individuals who might use violence, force, and intimidation against WARSAME, his family, and loved ones. Should WARSAME's cooperation present a significant risk of physical harm, this Office, upon the written request of WARSAME, will take steps that it determines to be reasonable and necessary to attempt to ensure his safety and that of his family and loved ones. These steps may include application to the Witness Security Program of the United States Marshal's Service, whereby WARSAME, his family, and loved ones, if approved, could be relocated under a

Priya Chaudhry, Esq. and Lee Ginsberg, Esq.
December 20, 2011
Page 5 of 7

new identity. It is understood, however, that the Witness Security Program is under the direction and control of the United States Marshal's Service and not of this Office.

It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of WARSAME to the attention of other prosecuting offices, if requested by him. Nor does this Agreement bind the Bureau of Immigration and Customs Enforcement (ICE), although this Office will bring the cooperation of WARSAME to the attention of ICE, if requested by him.

It is understood that the sentence to be imposed upon WARSAME is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence WARSAME will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Department and the Court of (a) this Agreement; (b) the nature and extent of WARSAME's activities with respect to this case and all other activities of WARSAME which this Office deems relevant to sentencing; and (c) the nature and extent of WARSAME's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by WARSAME both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that WARSAME has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. §3553(e), requesting the Court to sentence WARSAME in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on WARSAME remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Department and the Court, or to take any position on post-sentencing motions. WARSAME hereby consents to such adjournments of his sentence as may be requested by this Office.

It is understood that, should this Office determine either that WARSAME has not provided substantial assistance in an investigation or prosecution, or that WARSAME has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. §3553(e), but will not entitle WARSAME to withdraw his guilty plea once it has been entered.

It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. §3553(e), that WARSAME has violated any provision of this Agreement, this Office shall have the right to withdraw such motion.

It is understood that, should WARSAME commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should

Priya Chaudhry, Esq. and Lee Ginsberg, Esq.
December 20, 2011
Page 6 of 7

he otherwise violate any provision of this Agreement, WARSAME shall thereafter be subject to
prosecution for any federal criminal violation of which this Office has knowledge, including perjury
and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of
limitations on the date of the signing of this Agreement may be commenced against WARSAME,
notwithstanding the expiration of the statute of limitations between the signing of this Agreement
and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses
based on the statute of limitations with respect to any prosecution that is not time-barred on the date
that this Agreement is signed.

It is understood that in the event that it is determined that WARSAME has committed any
further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated
any provision of this Agreement, (a) all statements made by WARSAME to this Office or other
designated law enforcement agents, and any testimony given by WARSAME before a grand jury or
other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from
such statements or testimony shall be admissible in evidence in any criminal proceeding brought
against WARSAME; and (b) WARSAME shall assert no claim under the United States Constitution,
any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements
or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in
the foregoing respects.

WARSAME hereby acknowledges that he has accepted this Agreement and decided to plead
guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all
right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the
ground that the Government has failed to produce any discovery material, *Jencks* Act material,
exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information
establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio
v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the
signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and
conviction make it very likely that his deportation from the United States is presumptively mandatory
and that, at a minimum, he is at risk of being deported or suffering other adverse immigration
consequences. The defendant acknowledges that he has discussed the possible immigration
consequences (including deportation) of his guilty plea and conviction with defense counsel. The
defendant affirms that he wants to plead guilty regardless of any immigration consequences that may
result from the guilty plea and conviction, even if those consequences include deportation from the
United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on
any actual or perceived adverse immigration consequences (including deportation) resulting from
the guilty plea and conviction. It is further understood that the United States is a signatory to, and
recognizes its obligations under, the Convention Against Torture and Other Cruel, Inhuman, or
Degrading Treatment or Punishment, art. 3, S. Treaty Doc. No. 100-20, p. 20, 1465 U.N.T.S. 85, *see*

Priya Chaudhry, Esq. and Lee Ginsberg, Esq.
December 20, 2011
Page 7 of 7

8 CFR § 208.17 (2008). It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

This Agreement supersedes any prior understandings, promises, or conditions between this Office and WARSAME. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
Benjamin Naftalis & Adam S. Hickey
Assistant United States Attorneys
(212) 637-2456/1039

APPROVED:

_____
JONATHAN KOLODNER (MF)
Acting Chief, Criminal Division

AGREED AND CONSENTED TO:

AHMED WARSAME
_____
Ahmed Abdulkadir Warsame

APPROVED:

_____
Priya Chaudhry, Esq.
Lee Ginsberg, Esq.
*Attorneys for Ahmed Abdulkadir Warsame*

12-21-2011
DATE

21 December 2011
DATE